

**Office of the New York State
Attorney General**

**Letitia James
Attorney General**

January 26, 2026

**By ECF**
U.S. District Judge John P. Cronan
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Small Property Owners of New York, Inc. v. City of N.Y.*, No. 25 Civ. 9425 (JPC)

Dear Judge Cronan:

      The Office of the New York State Attorney General ("OAG") represents Commissioner RuthAnne Visnauskas of the State Division of Housing and Community Renewal ("DHCR") and the State of New York ("State Defendants") in this 42 U.S.C. § 1983 action filed by three property owners ("Landlords") and a real estate industry group ("SPONY," and collectively, "Plaintiffs"). OAG respectfully submits this pre-motion letter pursuant to the Court's Individual Rules and Practices in Civil Cases, § 6.A. As discussed below, the Complaint, dated November 12, 2025 (ECF No. 1), should be dismissed on jurisdictional, procedural, and substantive grounds.

## INTRODUCTION

      Seven years ago, the Legislature amended New York State's Rent Stabilization Laws (the "RSL") by enacting the Housing Stability and Tenant Protection Act of 2019 (the "HSTPA").[1] In doing so, the Legislature sought to alleviate the "severe disruption of the rental housing market" that "occurred and threaten[ed] to be exacerbated" by statutory provisions that allowed building owners to remove vacant units from rent stabilization. *Bldg. & Realty Inst. of Westchester & Putnam Cnties., Inc. v. New York ["BRI"]*, No. 19 Civ. 11285 (KMK), 2021 WL 4198332, at *3 (S.D.N.Y. Sept. 14, 2021) (citation omitted). The HSTPA was adopted in part to stem this "loss of vital and irreplaceable affordable housing for working persons and families." *Id.* HSTPA was one in a series of amendments to the RSL enacted since the early 1970s "that, at times, favored landlords, and, at other times, tenants." *74 Pinehurst LLC v. State of N.Y.*, 59 F.4th 557, 567 (2d Cir. 2023).

      The real estate lobby's response was swift and unsurprising. In five separate federal court

---

[1] The term "RSL" includes the Rent Stabilization Law, codified as N.Y.C. Admin. Code §§ 26–501 to 26–520, and the Emergency Tenant Protection Act of 1974, ch. 576, § 4, 1974 N.Y. Laws 1510, 1512–23 (reproduced as amended at N.Y. Unconsol. Law § 8621 *et seq.*). HSTPA was enacted as Ch. 36, 2019 McKinney's N.Y. Laws 154.

actions (the "RSL Cases"), landlords and industry associations challenged the HSTPA, alleging, among other claims, violations of the U.S. Constitution's Takings, Due Process, and Equal Protection Clauses.[2] Some plaintiffs sought to invalidate only the HSTPA; others sought to strike down the RSL entirely, eliminating its protections for 2.5 million New Yorkers and giving owners a free hand to raise rents. The District Courts dismissed the RSL Cases and upheld the constitutionality of the RSL, including the two provisions challenged herein. The Second Circuit affirmed the dismissals, and the Supreme Court denied the plaintiffs' petitions for *certiorari*.

Plaintiffs portray this action as narrower in scope and potential effect than the dismissed RSL Cases. They purport to challenge only (1) the repeal of a "vacancy bonus" that permitted owners to raise the rent up to 20% when reletting a vacant apartment; and (2) a reduction in the portion of renovation costs, known as Individual Apartment Improvements (IAIs), that landlords are permitted to charge tenants as a component of the rent. *See* Compl. ¶¶ 41, 50-52.

But the Complaint's narrative is misleading, as it fails to convey the radical nature of Plaintiffs' claims. Plaintiffs do not merely seek to undo the two challenged RSL provisions, but to permanently eradicate rent stabilization in New York State. Specifically, the Complaint seeks a declaratory judgment and permanent injunction "prohibiting the enforcement of [the RSL], insofar as it restricts allowable rent for vacant apartments." Compl. at 46, ¶¶ A, B. The inevitable result, as tenants move out or pass away, would be the outright elimination of tenant protections adopted by the Legislature and repeatedly upheld by the federal and state courts.

As summarized below, Plaintiffs' attack on the RSL, including its recently amended provisions affecting vacant apartments, is subject to dismissal under Fed. R. Civ. P. 12(b)(1), (6).

## GROUNDS TO DISMISS THE COMPLAINT

### I.   Jurisdiction and Justiciability

State sovereign immunity, enshrined in the Eleventh Amendment, bars this action against the State. *See BRI*, 2021 WL 4198332, at *6-9. Moreover, SPONY's claims are non-justiciable because the organization lacks standing to sue on behalf of its members. The "associational standing" invoked by SPONY exists only when "the participation of individual members in the lawsuit" is unnecessary. *Rent Stab'n Ass'n of City of N.Y. v. Dinkins*, 5 F.3d 591, 596 (2d Cir. 1993) (citing *Hunt v. Wash. Apple Adver. Comm'n*, 432 U.S. 333, 343 (1977)). As in *Dinkins*, SPONY's takings claim involves an "essentially *ad hoc*, factual inquir[y]," which requires the participation of individual claimants and precludes associational standing. *Id.* (citation omitted).

---

[2] *See BRI*, No. 19 Civ. 11285 (KMK), 2021 WL 4198332 (S.D.N.Y. Sept. 14, 2021), *aff'd*, No. 21-2448, 2024 WL 1061142 (2d Cir. Mar. 12, 2024), *cert. denied*, 145 S. Ct. 563 (2024); *G-Max Mgmt., Inc. v. State of N.Y.*, No. 19 Civ. 11285 (KMK), 2021 WL 4198332 (S.D.N.Y. Sept. 14, 2021), *aff'd*, No. 21-2448, 2024 WL 1061142 (2d Cir. Mar. 12, 2024), *cert. denied*, 145 S. Ct. 561 (2024); *335-7 LLC v. City of N.Y. ["335-7"]*, 524 F. Supp. 3d 316 (S.D.N.Y. 2021), *aff'd*, No. 21-823, 2023 WL 2291511 (2d Cir. Mar. 1, 2023), *cert. denied*, 218 L. Ed. 2d 66, 2024 WL 674658 (Feb. 20, 2024); *Cmty. Hous. Improvement Program v. City of N.Y. ["CHIP"]*, 492 F. Supp. 3d 33 (E.D.N.Y. 2020), *aff'd*, 59 F.4th 540 (2d Cir. 2023), *cert. denied*, 144 S. Ct. 264 (2023); *74 Pinehurst LLC v. State of N.Y. ["74 Pinehurst"]*, 492 F. Supp. 3d 33 (E.D.N.Y. 2020), *aff'd*, 59 F.4th 557 (2d Cir. 2023), *cert. denied*, 218 L. Ed. 2d 66 (Feb. 20, 2024).

   The Landlords' claims also are non-justiciable. A property owner's challenge to a state regulatory program is not ripe for review unless and until the claimant has sought, and been denied, relief through an available administrative process. *74 Pinehurst*, 59 F.4th at 565 (citing *Pakdel v. City and Cnty. of San Francisco*, 141 S. Ct. 2226, 2231 (2021)). Two Landlords have not applied for hardship exemptions, and the third Landlord's application is pending. Compl. ¶¶ 164-174, 198-205, 237-238. Thus, there is no final determination ripe for judicial review. *74 Pinehurst*, 59 F.4th at 565-66 (holding "regulatory takings claims … unripe [because plaintiffs] failed to pursue available administrative relief"); *335-7*, 2023 WL 2291511, at *3 (same). The Complaint should be dismissed for lack of subject matter jurisdiction and justiciability.

  **II**. **<u>The Action Is Time-Barred, In Part</u>**

   Facial claims under the Takings Clause accrue at "the moment the challenged regulation or ordinance is passed." *Suitum v. Tahoe Reg'l Planning Agcy.*, 520 U.S. 725, 736 n.10 (1997). Plaintiffs' facial claims accrued no later than 2019, when the HSTPA was enacted, and expired no later than 2022. *See Billeris v. Vill. of Bayville*, 694 F. Supp. 3d 214, 227 (E.D.N.Y. 2023) (noting three-year limitations period under Section 1983, including Takings Clause claims).

   RPN Management Co. alleges one of its apartments was vacated in 2019. Compl. ¶ 144. Its as-applied claim concerning that unit, as well as Plaintiffs' facial claims, are time-barred.

  **III**. **<u>The Complaint Fails To State a Claim</u>**

   A. <u>Regulatory Takings Claims</u>

   Plaintiffs attempt to plead both a categorical and a non-categorical regulatory taking. Both claims are subject to dismissal.

   A categorical taking occurs in "the extraordinary circumstance when no productive or economically beneficial use of land is permitted." *Tahoe–Sierra Pres. Council, Inc.*, 535 U.S. 302, 330 (2002). Plaintiffs do not allege that the RSL or HSTPA eradicated their buildings' economic value. Instead, they claim the statute eliminated 100% of the value of each vacant apartment. Compl. ¶ 113. But that theory is factually groundless, logically circular, and barred by precedent. *See Murr v. Wis.*, 582 U.S. 383, 396 (reaffirming that courts will not "limit the parcel in an artificial manner to the portion of property targeted by the challenged regulation").

   Non-categorical takings are analyzed under the test in *Penn Central Transportation Co. v. City of New York*, 438 U.S. 104 (1978). That test focuses on three factors: "(1) the economic impact of the regulation on the claimant, (2) the extent to which the regulation has interfered with distinct investment-backed expectations, and (3) the character of the governmental action." *74 Pinehurst*, 59 F.4th at 566 (internal quotation marks omitted). Plaintiffs' facial *Penn Central* claim fails because the Complaint "fails plausibly to allege that 'no set of circumstances exists under which the [challenged statutory provisions] would be valid.'" *Id.* at 564 (citation omitted).

   Plaintiffs' as-applied *Penn Central* claims fare no better. **First**, a "mere diminution in the value of property, however serious, is insufficient to demonstrate a taking." *Concrete Pipe &*

Hon. John P. Cronan  Page 4 of 4
January 26, 2026

*Prods. v. Constr. Laborers Pension Tr. for S. Cal*, 508 U.S. 602, 645 (1993). *See also BRI*, 2021 WL 4298332, at *23 (citing cases holding that alleged losses of 75% to 95% were insufficient). ***Second***, the RSL has been amended repeatedly, and "'no party doing business in a regulated environment like the New York City rental market can expect the RSL to remain static.'" *CHIP*, 59 F.4th at 555 (quoting *Matter of Regina Metro. Co. v. N.Y.S. Div. of Hous. & Cmty. Renewal*, 35 N.Y.3d 332, 369 (2020)). ***Third***, the HSTPA does not single out any particular property, but adjusts the economic relations between landlords and tenants occupying about 1 million units in New York City. "No one can seriously contend that these are not important public interests and courts are not in the business of second-guessing legislative determinations such as this one." *74 Pinehurst*, 59 F.4th at 568. In sum, the Complaint satisfies none of the *Penn Central* factors.

      B.    Substantive Due Process Claim

Plaintiffs' attempt to state a due process claim fails at the outset. When a specific provision such as the Takings Clause provides "an explicit textual source of constitutional protection," a plaintiff cannot challenge government action under "the more generalized notion of substantive due process." *74 Pinehurst*, 59 F.4th at 569. Further, the RSL Cases held that "the State's interest in stabilizing rent, limiting a landlord's ability to charge more than the regulated rent, [and] preventing deregulation of rent-stabilized apartments" provided a rational basis for the HSTPA. *BRI,* 2021 WL 4198332, at *29. Those cases foreclose Plaintiffs' due process claim.

      C.    Equal Protection Claim

Courts have repeatedly dismissed Equal Protection challenges to the RSL, including its post-HSTPA version. *See BRI,* 2021 WL 4198332 at *31 (applying a "strong presumption of validity" and finding "no doubt that the HSTPA passes the rational basis test"). The Second Circuit has explicitly rejected such claims premised on the RSL's distinct treatment of buildings constructed prior to 1974. *W. 95 Hous. Corp. v. N.Y.C. Dep't of Hous. Pres. & Dev.,* 31 F. App'x 19, 21 (2d Cir. 2002) (summary order). These holdings bar Plaintiffs' Equal Protection claim.

      D.    Privileges and Immunities Claim

Plaintiffs acknowledge that longstanding Supreme Court precedent bars their claim under the Privileges and Immunities Clause, requiring its dismissal. Compl. ¶ 301.

Counsel for all parties jointly propose filing Defendants' motions by March 18, 2026; Plaintiffs' opposing papers by May 1, 2026; and any replies by May 22, 2026.

                  Respectfully submitted,

                  *Michael A. Berg*
                  Assistant Attorney General

cc: All Counsel of Record