Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104
212.390.9000

Corey Stoughton
Special Counsel
212.390.9036
cstoughton@selendygay.com

January 26, 2025

<u>Via ECF</u>

Hon. John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *Small Property Owners of N.Y., Inc. v. City of New York*, No. 25-cv-09425

Dear Judge Cronan,

  We represent the nonprofit community organizations NY Tenants & Neighbors and Community Voices Heard (collectively, the "Proposed Intervenors") and write pursuant to Section 6.A of Your Honor's Individual Rules of Practice to preview the Proposed Intervenors' unopposed motion for permissive intervention in the above-referenced action pursuant to Federal Rule of Civil Procedure 24(b). Given that the motion is unopposed, we ask that the Court consider granting this motion without further briefing.

  This action is the latest in a series of unsuccessful legal efforts by landlords to strike down important provisions of New York's Rent Stabilization Laws ("the RSL"). The Proposed Intervenors were permitted to intervene in five prior challenges to the RSL filed in the Southern and Eastern Districts of New York.[1]

  Plaintiffs are one landlord association and three corporate landlords of rent-stabilized residential apartment buildings in New York City who bring this action against certain New York State and City defendants to strike down as unconstitutional the RSL's restrictions on allowable rent increases for vacancy leases of rent-stabilized apartments. Compl. ¶¶ 9–12. The State Defendants consent to the intervention motion and the City

---

[1] *See Cmty. Hous. Improvement Program v. City of New York*, No. 19-CV-4087 (E.D.N.Y.); *74 Pinehurst LLC v. State of New York*, No. 19-CV-6447 (E.D.N.Y.); *Bldg. & Realty Inst. of Westchester & Putnam Cntys., Inc. v. State of New York*, No. 19-CV-11285 (KMK); *G-Max Mgmt., Inc. v. State of New York*, No. 20-CV-634 (KMK)); and *335-7 LLC v. City of New York*, No. 20-CV-1053 (ER) (S.D.N.Y.). In four separate decisions, the Second Circuit upheld the district courts' dismissals of all five challenges, and the Supreme Court denied certiorari in each case. *See Bldg. & Realty Inst. of Westchester & Putnam Cntys., Inc. v. New York*, Nos. 21-2526 and 21-2448, 2024 WL 1061142 (2d Cir. Mar. 12, 2024), *cert. denied*, 145 S. Ct. 563 (2024), and *cert. denied sub nom. G-Max Mgmt., Inc. v. New York*, 145 S. Ct. 561 (2024); *335-7 LLC v. City of New York*, No. 21-823, 2023 WL 2291511 (2d Cir. Mar. 1, 2023), *cert. denied*, 2024 WL 674658 (U.S. Feb. 20, 2024); *74 Pinehurst LLC v. New York*, 59 F.4th 557, 565 (2d Cir. 2023), *cert. denied*, 2024 WL 674658 (U.S. Feb. 20, 2024); *Cmty. Hous. Improvement Program v. City of New York*, 59 F.4th 540 (2d Cir. 2023), *cert. denied*, 144 S. Ct. 264 (2023).

Hon. John P. Cronan
January 26, 2025

Defendants take no position. Plaintiffs consent to intervention subject to certain conditions, including that the Proposed Intervenors brief dispositive motions on the same schedule as the named Defendants, the Proposed Intervenors will not propound any additional discovery on Plaintiffs, and Plaintiffs will not seek discovery from the Proposed Intervenors. All parties have agreed to these conditions and have executed a proposed stipulation memorializing them, which is attached to this letter as Exhibit A. Should the Court grant the Proposed Intervenors' motion, the Parties request that the Court enter the stipulation.

The Court should exercise its discretion to allow permissive intervention. The Second Circuit has instructed district courts to consider whether the Proposed Intervenors have been able to: "(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *Floyd v. City of New York*, 770 F.3d 1051, 1057 (2d Cir. 2014); *accord In re N.Y.C. Policing During Summer 2020 Demonstrations*, 27 F.4th 792, 799 (2d Cir. 2022).[2] All four factors are sufficiently present here.

*First*, the application is timely because it is made at the outset of the litigation, before any responsive pleadings or pre-answer motions have been filed. Permitting intervention will not unduly delay or prejudice this action as the Proposed Intervenors have agreed to brief dispositive motions on the same schedule as the named Defendants and to rely solely on discovery exchanged among the original parties. *See* Ex. A.

*Second*, the Proposed Intervenors have an interest in this action that may be impaired by its disposition. The Proposed Intervenors' interest in defending the RSL against Plaintiffs' challenge is "direct, substantial, and legally protectable," not "remote from the subject matter of the proceeding" or "contingent upon the occurrence of a sequence of events before it becomes colorable." *Floyd*, 770 F.3d at 1060 (citing *Bridgeport Guardians, Inc. v. Delmonte*, 602 F.3d 469, 473 (2d Cir. 2010); *Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 129 (2d Cir. 2001)). Plaintiffs seek to invalidate the RSL's provisions regulating the rent that landlords may charge new tenants of rent-stabilized apartments. *See* Compl. ¶¶ 37, 41, 269, 287, 306. The Proposed Intervenors are associations whose members include tenants of rent-stabilized apartments and who fought tirelessly to help pass legislation in 2019 strengthening these and other RSL protections. *See generally Bldg. & Realty Inst. of Westchester & Putnam Ctys., Inc. v. State of New York ("BRI")*, Nos. 19-CV-11285 and 20-CV-634 (KMK), 2020 WL 5658703, at *3 (S.D.N.Y. Sep. 23, 2020). The relief Plaintiffs seek would undermine a key pillar of the RSL and risk the imminent displacement of the Proposed Intervenors' rent-stabilized members because, as the state legislature recognized in passing the 2019 reforms, a factor driving landlords to push existing tenants of rent-stabilized apartments out of their homes is the incentive to create a vacancy that allows them to obtain significantly increased rents from new incoming tenants and eventually deregulate the apartments altogether. *See, e.g.*,

---

[2] Courts consider "substantially the same factors" in deciding motions to intervene as of right and by permission. *Harris-Clemons v. Charly Trademarks Ltd.*, 751 Fed. App'x 83, 85 (2d Cir. 2018).

Hon. John P. Cronan
January 26, 2025

Hr'g on S. 6458, 2019-2020 Leg., Regular Sess. 25 (N.Y. 2019) (statement of Assembly Member Steven Cymbrowitz) ("[V]acancy decontrol . . . has always been a tool that has been used to get tenants out.").[3] Moreover, validation of the legal theory upon which Plaintiffs' claim rests poses the same broad threat to the RSL as the one advanced in the prior five takings-based challenges in which the Proposed Intervenors previously participated. *See, e.g.*, *BRI*, 2020 WL 5658703, at *9; *335-7 LLC v. City of New York*, No. 20-CV-1053 (ER), 2020 WL 3100085, at *3 (S.D.N.Y. June 11, 2020).

*Third*, the Proposed Intervenors' members are the individuals directly impacted by any rollback of the RSL's protections, and government defendants' responsibility to balance a wide range of political interests means such individuals cannot be certain of relying on the existing parties to represent those interests either in litigation or in any proposed resolution of this matter. *See In re New York City Policing*, 27 F.4th at 802–03. Even "[t]he chance for … a divergence" of interests between proposed intervenors and existing parties supports permissive intervention. *BRI*, 2020 WL 5658703, at *13. In any case, regardless of the State and City Defendants' interest in defending the constitutionality of the challenged provisions of the RSL, the adequacy of representation by existing parties is not fatal to a motion for permissive intervention. *335-7 LLC*, 2020 WL 3100085, at *4.

Additionally, as prior courts in this district have found, the Proposed Intervenors "will 'undoubtedly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.'" *BRI*, 2020 WL 5658703, at *11 (quoting *335-7 LLC*, 2020 WL 3100085, at *3). Specifically, the "Proposed Intervenors have vast experience in the trenches in housing court," and they will "bring to bear on the briefing their detailed knowledge of how the law operated, why the Legislature deemed it appropriate to close the loopholes it identified, and how the tenants are likely to be affected" if Plaintiffs prevail. *Id.* (cleaned up).

Because these points are straightforward and given the lack of opposition to this motion, the Proposed Intervenors respectfully request that the Court grant their motion without further briefing. In that event, the Proposed Intervenors are prepared to file a short motion and proposed order on the docket and further request that the Court enter the proposed stipulation attached hereto as Exhibit A. Alternatively, the Proposed Intervenors request leave to brief their intervention motion on the same schedule as their (and the original Defendants') anticipated motion to dismiss the Complaint for failure to state a claim, which is the subject of the Proposed Intervenors' separate pre-motion letter.

Respectfully,

*/s/ Corey Stoughton*

Corey Stoughton
*Counsel for Proposed Intervenors*

---

[3] *Available at* https://www2.assembly.state.ny.us/write/upload/transcripts/2019/6-14-19.html.

Hon. John P. Cronan
January 26, 2025

Cc:     All counsel of record (via ECF)

4