Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104
212.390.9000

Corey Stoughton
Special Counsel
212.390.9036
cstoughton@selendygay.com

January 26, 2025

Via ECF

Hon. John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:** *Small Property Owners of N.Y., Inc. v. City of New York*, No. 25-cv-09425

Dear Judge Cronan,

      We represent the Proposed Intervenors and write pursuant to Section 6.A of Your Honor's Individual Rules of Practice to preview the Proposed Intervenors' anticipated motion to dismiss the Complaint for failure to state a claim. Simultaneous to this letter, the Proposed Intervenors have filed a separate letter concerning their anticipated motion for permissive intervention pursuant to Federal Rule of Civil Procedure 24(b), which sets out the background of this case (the "Intervention Letter").[1]

      Rent-stabilization, including limits on the rent that can be charged for certain vacant apartments, has existed in New York City since at least 1969. Compl. ¶ 19. The RSL provisions at issue here apply only when New York City is experiencing a housing emergency, as declared by the City Council, *id.* ¶¶ 23–25, and generally apply only to buildings constructed before 1974 and containing six or more apartments, *id.* ¶ 22. Among other tenant protections, the RSL generally requires landlords to offer "renewal leases" to existing rent-stabilized tenants and generally prohibits landlords from increasing the rent in any renewal lease beyond a percentage determined annually by the City's Rent Guidelines Board ("RGB"). *See id.* ¶¶ 33–37, 41. In addition, the RSL regulates the rent that a landlord may charge for a "vacancy lease" of a rent-stabilized apartment to a new tenant, based on the apartment's last legal rent. *See id.* ¶¶ 37–41. As Plaintiffs acknowledge, the RSL's "provisions for vacancy leases have been repeatedly revised" since 1969, *id.* ¶ 38, and the RSL contains provisions for landlords to seek "hardship" allowances to increase rents above otherwise permissible amounts, *id.* ¶ 77. As noted in the Intervention Letter, the RSL has withstood five similar constitutional challenges brought in the Southern and Eastern Districts of New York in 2019 and 2020. *See* Intervention Letter at 1 n.1.

---

[1] Terms not defined herein have the meanings ascribed to them in the Intervention Letter.

With this background in mind, The Proposed Intervenors intend to move to dismiss all counts in the Complaint for failure to state a claim.

*First*, Plaintiffs' theories that the RSL's restrictions on allowable rents for vacant apartments effect either a *per se* confiscatory taking of each apartment under *Lucas v. South Carolina Coastal Commission*, 505 U.S. 1003 (1992), or a regulatory taking under *Penn Central Transportation Co. v. New York City*, 438 U.S. 104 (1978), both fail. The confiscatory-taking doctrine applies only to public utilities, not landlords. *335-7 LLC v. City of New York*, No. 21-823, 2023 WL 2291511, at *4 (2d Cir. Mar. 1, 2023) (summary order). As to the regulatory taking claim, like prior challengers to the RSL, Plaintiffs "have simply not plausibly alleged that every owner of a rent-stabilized property has suffered an adverse economic impact that would support their facial regulatory takings claims." *Cmty. Hous. Improvement Program v. City of New York*, 59 F.4th 540, 554 (2d Cir. 2023). Nor does the Complaint allege sufficient as-applied economic impact on any of Plaintiffs' three buildings. Plaintiffs concede that two of the buildings have earned sufficient rental income to not qualify for available "hardship" rent increases under the RSL.[2] *See* Compl. ¶¶ 164–67, 198–200. The third building has a pending hardship petition, *id.* ¶ 237–38, so any as-applied claim remains unripe until that petition is decided. *See, e.g.*, *335-7 LLC*, 2023 WL 2291511, at *3; *74 Pinehurst LLC v. New York*, 59 F.4th 557, 565 (2d Cir. 2023). Plaintiffs concede that the RSL's "provisions for vacancy leases have been repeatedly revised" *since 1969*, and they purchased their buildings in 1991, 2016, and 2020. Compl. ¶¶ 38, 138, 182, 213. As the Second Circuit has explained in rejecting prior as-applied challenges to the RSL, "for decades New York landlords have taken a calculated risk when they entered the rental market. In such circumstances, the fact that this risk then results in a loss does not constitute a taking." *74 Pinehurst*, 59 F.4th at 567–68. The Second Circuit has also repeatedly held that, because the RSL applies to more than one million apartments and reflects a legislative effort to prevent "serious threats to the public health, safety, and general welfare," it does not have the character of a taking. *335-7 LLC*, 2023 WL 2291511, at *4 (quoting *74 Pinehurst*, 2023 WL 1769678, at *6).

*Second*, Plaintiffs cannot establish that the RSL's restrictions on rent increases for vacancy leases violate the substantive due process and equal protection rights of every affected landlord because at least some landlords—including owners of new buildings who voluntarily opt in to the RSL's restrictions in exchange for tax breaks—have not been deprived of any significant property interest. *See Rent Stabilization Ass'n of the City of New York v. Dinkins*, 5 F.3d 591, 597-98 (2d Cir. 1993). Plaintiffs' due process claims also fail because the Due Process Clause does not apply to the interests they assert in this action.

---

[2] Plaintiffs contend that each apartment unit is "a separate property interest," Compl. ¶ 259, but "taking jurisprudence does not divide a single parcel into discrete segments and attempt to determine whether rights in a particular segment have been entirely abrogated," *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 535 U.S. 302, 326–27 (2002) (cleaned up). Applying this principle, the Second Circuit has held that the relevant parcel is the entire building. *E.g.*, *Greystone Hotel Co. v. City of New York*, No. 98-9116, 1999 U.S. App. LEXIS 14960, at *4 (2d Cir. 1999) (summary order); *Elmsford Apartment Assocs., LLC v. Cuomo*, 469 F. Supp. 3d 148, 166 (S.D.N.Y. 2020).

Hon. John P. Cronan
January 26, 2025

*See Cmty. Hous.*, 59 F.4th at 556-57. Moreover, the RSL is subject to rational-basis review, as Plaintiffs appear to concede, *see* Compl. ¶¶ 281–87, 295–98, and binding caselaw requires, *74 Pinehurst*, 59 F.4th at 569. A key legislative purpose of the RSL, as amended in 2019, is to help New York City and other covered municipalities "protect their regulated housing stock." Sponsor's Mem., Bill Jacket, L. 2019, ch. 36.[3] Proposed Intervenors describe how the law does so, and how it is rationally related to that purpose, in detail in the Intervention Letter. *See* Intervention Letter at 2. Courts must "defer[] to legislative judgments about the need for, and likely effectiveness of, regulatory actions." *Lingle v. Chevron U.S.A.*, 544 U.S. 528, 545 (2005). As the Second Circuit concluded in rejecting due-process claims in a prior challenge, "the RSL was enacted to permit low- and moderate-income people to reside in New York City—when they otherwise could not afford to do so. It is beyond dispute that neighborhood continuity and stability are valid bases for enacting a law." *74 Pinehurst*, 59 F.4th at 569 (citation omitted). The equal-protection claim fails for similar reasons. *See W. 95 Hous. Corp. v. N.Y.C. Dep't of Hous. Pres. & Dev.*, 31 F. App'x 19, 21 (2d Cir. 2002).

*Third*, Plaintiffs themselves concede that their Privileges or Immunities Clause claim is barred by *The Slaughterhouse Cases*, 83 U.S. 36 (1873). *See* Compl. ¶ 301.

In light of the stipulation agreed to among the Parties (*see* Intervention Letter, Ex. A), Proposed Intervenors respectfully submit that a coordinated briefing schedule on motions to dismiss should be entered following a pre-motion conference, on the briefing schedule agreed to between Plaintiffs and the named Defendants.

Respectfully,

*/s/ Corey Stoughton*

Corey Stoughton

Cc:    All counsel of record (via ECF)

---

[3] *Available at* https://www.nysenate.gov/legislation/bills/2019/s6458.