

INSTITUTE FOR JUSTICE

January 29, 2026

BY ECF & EMAIL
The Honorable John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

      Re:    *Small Property Owners of New York, Inc. et al. v. City of New York et al.*
              No. 1:25-cv-09425-JPC

Dear Judge Cronan:

      We write on behalf of Plaintiffs to respond to the pre-motion letters submitted by the State Defendants (Doc. 57), City Defendants (Doc. 60), and Prospective Intervenor Defendants (Doc. 59). Plaintiffs intend to oppose the anticipated motions to dismiss. Plaintiffs agree with the proposed briefing schedule set out in the Defendants' letters.

      Plaintiffs in this case are landlords who own multi-unit buildings that contain vacant apartments with rent that has been set so low by New York's Rent Stabilization Law ("RSL") that the apartments cannot profitably be rented. These include a vacant two-bedroom apartment with a regulated rent of just $710 per month (Compl. ¶ 146). Because Plaintiffs cannot recoup their necessary costs at the regulated rents, the apartments have no economically viable use and will sit vacant indefinitely absent judicial relief.

      Plaintiffs' claims seek to address that situation. Plaintiffs' facial claims would invalidate the RSL provisions (and implementing regulations) that set the rent for an initial lease of a vacant apartment. *See* N.Y. Unconsol. Law § 8624(e); 9 N.Y.C.R.R. §§ 2522.5(a), 2522.8. And Plaintiffs' as-applied claims challenge the application of those provisions to Plaintiffs' specific vacant apartments. The primary remedy that Plaintiffs seek is the right to set the ***initial*** rent for their vacant units at market rates. Notably, because Plaintiffs are not challenging the separate RSL provisions that cap rent increases for occupied apartments, *see* 9 N.Y.C.R.R. § 2523.5(a), once their vacant apartments were leased any subsequent rent increases for those apartments would still be capped by the RSL (at least until the apartments became vacant again).

      Defendants misapprehend the nature of Plaintiffs' claims. Defendants say that Plaintiffs would "permanently eradicate rent stabilization," Doc. 57 at 2, through "deregulation of units," Doc. 60 at 4, when Plaintiffs seek nothing of the sort. Defendants also say that Plaintiffs "purport to challenge" various other RSL provisions that Plaintiffs are not challenging. Doc. 57 at 2. And, overall, Defendants conflate this case with past failed challenges to the RSL, even though those past cases focused on an asserted right to evict or raise the rent on existing tenants and therefore raised fundamentally different issues. *See 74 Pinehurst LLC v. City of New York*, __ S. Ct. __,

2024 WL 674658 (Feb. 20, 2024) (Thomas, J., respecting the denials of certiorari). In part because Defendants mistake this case at a high level, their specific arguments also miss the mark.

### I. Plaintiffs State a Claim on the Merits

a. <u>Takings Clause</u>: Plaintiffs allege that the RSL violates the Takings Clause in three separate ways. All three state valid claims.

***First***, the RSL violates the Takings Clause as applied to Plaintiffs' particular vacant apartments because it has deprived the apartment leaseholds of any economically beneficial use. *See Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1018 (1992).

Defendants argue this claim fails because the "relevant unit of property" is the "entire building." Doc. 60 at 2; *see also* Doc. 57 at 3. However, an apartment leasehold is a recognized property interest both as a matter of state law and federal takings jurisprudence. *See* Compl. ¶¶ 98–113; *see also United States v. Petty Motor Co.*, 327 U.S. 372 (1946). The Supreme Court has adopted a multi-factor test to determine the appropriate property unit for a takings analysis, *see Murr v. Wisconsin*, 582 U.S. 383 (2017), and each factor supports a focus on the individual apartment: (1) "under state and local law," each leasehold is priced and rented separately; (2) the "physical characteristics of the property" are such that each apartment is separate; and (3) limiting rent for one apartment in no way increases the "value of other holdings" in the building.[1]

***Second***, the provisions of the RSL that limit the price that can be charged when renting a vacant apartment facially violate the Takings Clause because they confiscate a property interest in the nature of a lien on the burdened apartment—and, in doing so, take a fundamental aspect of property ownership. *See Munn v. Illinois*, 94 U.S. 113, 127 (1876) ("[T]he general principle is favored, both in law and justice, that every man may fix what price he pleases upon his own property, or the use of it[.]" (citation omitted)).

Defendants do not directly address this issue, but Defendants do note that courts have rejected past takings challenges to rent control. Past cases have upheld rent control on the theory that it does not directly burden property and, instead, "regulate[s] the relationship between landlord and tenant," *Yee v. City of Escondido*, 503 U.S. 519, 528 (1992), but that reasoning does not apply when rent control is applied to a vacant apartment—where there is no existing landlord-tenant relationship to regulate—and sets different rents for different vacant units based on considerations that have nothing to do with the prospective tenant. The RSL provisions that apply to vacant apartments selectively "burden . . . ownership of a specific parcel of land" and "bear[ ] resemblance to [ ] cases holding that the government must pay just compensation when it takes a lien." *Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595, 613 (2013).

***Third***, Plaintiffs allege that limiting the rent they can charge for vacant apartments results in both a facial and as-applied regulatory taking under *Penn Central Transportation Co. v. New York City*, 438 U.S. 104, 130 (1978). Again, cases about occupied apartments are inapposite: Once a tenant is in place, the landlord may expect that the landlord-tenant relationship will be subject to regulation, but the same does not apply when leasing a vacant unit in the first instance.

---

[1] Proposed Intervenors also assert that the "confiscatory-takings doctrine applies only to public utilities," Doc. 59 at 2, but that is just wrong. *See Lucas*, 505 U.S. at 1018.

b. Substantive Due Process: Plaintiffs further allege that the RSL violates due process insofar as rental caps for vacant units are fundamentally arbitrary—with functionally identical units subject to wildly different regulated rents. Compl. ¶¶ 281–83. Defendants argue that the due process clause does not apply, and that rent control is limited only by the Takings Clause. *See* Doc. 57 at 4; Doc. 60 at 4. But that argument cannot be squared with Supreme Court case law, which instructed, in the rent control context, that "[p]rice control is unconstitutional if arbitrary, discriminatory, or demonstrably irrelevant to the policy the legislature is free to adopt." *Pennell v. City of San Jose*, 485 U.S. 1, 11 (1988) (cleaned up). Plaintiffs state a claim that the manner in which New York sets rents for vacant apartments does not meet that legal standard.

c. Equal Protection: Finally, Plaintiffs allege this arbitrary treatment also violates equal protection—particularly as the RSL only applies to vacant apartments in pre-1974 buildings. To be sure, building age may be a rational classification when setting rules for occupied apartments, as existing tenants may have rented their apartments in reliance on whatever set of rules applied at the time of the initial lease. *See W. 95 Hous. Corp. v. N.Y.C. Dep't of Hous. Pres. & Dev.*, 31 F. App'x 19, 21 (2d Cir. 2002). But building age is not a rational reason to set different rents for otherwise similarly situated vacant apartments.[2]

## II. Jurisdiction, Justiciability, and Timeliness

Nothing precludes this Court's jurisdiction. New York State is a proper defendant, notwithstanding sovereign immunity, because Plaintiffs invoke the incorporated, self-executing Takings Clause. *See Fulton v. Fulton Cnty. Bd. of Comm'rs*, 148 F.4th 1224, 1262 (11th Cir. 2025). And, in any event, sovereign immunity does not bar Plaintiffs' claims "for prospective relief against state officials." *74 Pinehurst LLC v. New York*, 59 F.4th 557, 570 (2d Cir. 2023). The City Defendants, meanwhile, are properly before this Court because provisions limiting the rent that can be charged for vacant apartments are found in the City's implementing regulations, in addition to state law, Compl. ¶ 37, and the City's Rent Guidelines Board sets allowable increases for all stabilized apartments, including vacant ones, *id.* ¶ 41.

Nor does this case present any justiciability issue. Defendants assert that Plaintiffs must first seek hardship increases before they may pursue their as-applied claims, but hardship relief is limited to a 6% annual rent increase, and these apartments could not economically be rented even if hardship relief was granted. *See* Compl. ¶¶ 173, 205, 244. Moreover, assuming the hardship process must be exhausted, one of the plaintiffs has done so not just once—but twice. *See id.* ¶¶ 233–36. Meanwhile, Plaintiff SPONY can pursue claims on behalf of its members with vacant apartments because the individual participation of those members is not necessary to adjudicate the facial claims, which do not turn on party-specific facts, and because the SPONY members with as-applied claims are themselves plaintiffs in the case. *See id.* ¶¶ 121, 128–31.

Finally, this case is not time-barred. To the extent the date of enactment matters, the RSL sunsets every three years and was last renewed in 2024. *See* Compl. ¶ 26. Even more to the point, Plaintiffs' as-applied and facial claims are timely because Plaintiffs are challenging "a continuing invasion of [their] property rights akin to a continuing trespass." *S. Lyme Prop. Owners Ass'n, Inc. v. Town of Old Lyme*, 539 F. Supp. 2d 547, 557 (D. Conn. 2008); *see also Masic v. Town of Franklinville*, No. 24-cv-18, 2025 WL 2480898, at *13 (W.D.N.Y. Aug. 27, 2025).

---

[2] Plaintiffs acknowledge that binding precedent precludes their privileges-or-immunities claim, though they preserve it in anticipation of appellate review. Compl. ¶¶ 301–02.

Respectfully submitted,

 /s/ William Aronin
William Aronin
Suranjan Sen
McCarley Maddock*
INSTITUTE FOR JUSTICE
901 North Glebe Road, Suite 900
Arlington, VA 22203
Tel: (703) 682-9320
Fax: (703) 682-9321
Email: waronin@ij.org
      ssen@ij.org
      mmaddock@ij.org

Robert Johnson*
INSTITUTE FOR JUSTICE
16781 Chagrin Blvd., Suite 256
Shaker Heights, OH 44120
Tel: (703) 682-9320
Fax: (703) 682-9321
Email: rjohnson@ij.org


 * Admitted *Pro Hac Vice*

*Attorneys for Plaintiffs Small Property Owners of New York, Inc., RPN Management Co., Inc., PKM Home LLC, and 135 W 78th, LLC*
