UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SMALL PROPERTY OWNERS OF NEW YORK, INC., et al.,<br><br>        Plaintiffs,<br><br>        v.<br><br>THE CITY OF NEW YORK, et al.,<br><br>        Defendants. | Case No. 1:25-cv-09425-JPC |

**STIPULATION REGARDING PROPOSED INTERVENTION**

WHEREAS Proposed Intervenors NY Tenants & Neighbors ("T&N") and Community Voices Heard ("CVH") have sought to intervene in this matter pursuant to Fed. R. Civ. P. 24(b);

WHEREAS Defendants The State of New York and RuthAnne Visnauskas consent to the Proposed Intervenors' intervention;

WHEREAS Defendants The City of New York, The New York City Rent Guidelines Board, Doug Apple, Arpit Gupta, Alex Schwartz, Reed Jordan, Alexander Armlovich, Robert Ehrlich, Christina Smyth, Genesis Aquino, and Adán Soltren take no position on the Motion;

WHEREAS Plaintiffs Small Property Owners of New York, Inc., RPN Management Co., Inc., PKM Home LLC, and 135 W 78th, LLC consent to the Proposed Intervenors' participation in this litigation subject to the stipulations set forth herein, without conceding that the Proposed Intervenors are entitled to intervention as a matter of law;

WHEREAS the Proposed Intervenors consent to the stipulations herein notwithstanding their position that they are entitled to intervene as a matter of law;

THEREFORE the Parties stipulate that:

1. The Proposed Intervenors shall brief dispositive motions according to the same schedule as the named Defendants.

2. Throughout the litigation, the Proposed Intervenors will not propound any discovery, and Plaintiffs will not seek any discovery against the Proposed Intervenors. This agreement does not affect the Proposed Intervenors' rights to receive and rely upon any discovery material produced or exchanged in the litigation.

3. Proposed Intervenors shall comply with Rule 26(a)'s disclosure requirements.

Dated:  New York, NY
        January 21, 2026

Respectfully submitted,

/s/   *William Aronin  (on consent)*

William Aronin
Suranjan Sen
McCarley Maddock
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203
Tel: 703-682-9320
waronin@ij.org
ssen@ij.org
mmaddock@ij.org

Robert Johnson
INSTITUTE FOR JUSTICE
16781 Chagrin Blvd., Suite 256
Shaker Heights, OH 44120
Tel: 703-682-9320
rjohnson@ij.org

*Attorneys for Plaintiffs*

/s/   *Corey Stoughton*

Faith Gay
Corey Stoughton
Babak Ghafarzade
Jeremy Jacobson
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
fgay@selendygay.com
cstoughton@selendygay.com
bghafarzade@selendygay.com
jjacobson@selendygay.com

*Attorneys for NY Tenants & Neighbors and Community Voices Heard*

| /s/ *Rachel Moston (on consent)* | /s/ *Shi-Shi Wang (on consent)* |
|---|---|
| Rachel Moston<br>Leah Reiss<br>NEW YORK CITY LAW DEPARTMENT<br>100 Church St.,<br>New York, NY 1007<br>212-356-2116<br>rmoston@law.nyc.gov<br>lreiss@law.nyc.gov | Shi-Shi Wang<br>Michael Berg<br>NEW YORK OFFICE OF THE ATTORNEY GENERAL<br>28 Liberty St.<br>New York, NY 10005<br>212-416-8625<br>Shi-Shi.Wang@ag.ny.gov<br>Michael.Berg@ag.ny.gov |
| *Attorneys for Defendants The City of New York, The New York City Rent Guidelines Board, Doug Apple, Genesis Aquino, Alexander Armlovich, Robert Ehrlich, Arpit Gupta, Reed Jordan, Alex Schwartz, Christina Smyth, and Adán Soltren* | *Attorneys for Defendants The State of New York and RuthAnne Visnauskas* |

Subject to the terms of the above stipulation, the Court permits NY Tenants & Neighbors and Community Voices Heard to intervene under Federal Rule of Civil Procedure 24(b).  "To be granted intervention as of right or by permission, an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *Floyd v. City of New York*, 770 F.3d 1051, 1057 (2d Cir. 2014).  Here, the motion for intervention is made at the outset of litigation and the proposed intervenors have an interest that may be impaired by the disposition of this action because they are associations that advocated for the provisions challenged here and whose members include tenants of rent-stabilized apartments.  Additionally, although the Defendants will ably litigate this case, intervention is still appropriate because "the addition of the intervenors will assist in the just and equitable adjudication of any of the issues between the parties." *Allco Fin. Ltd. v. Etsy*, 300 F.R.D. 83, 88 (D. Conn. 2014) (internal quotation marks omitted); *see also Oneida Grp. Inc. v. Steelite Int'l U.S.A. Inc.*, No. 17 Civ. 0957 (ADS), 2017 WL 6459464, at *13 (E.D.N.Y. Dec. 15, 2017) (collecting cases in which "courts have found permissive intervention warranted even where there was adequacy of representation").

SO ORDERED
February 3, 2026

JOHN P. CRONAN
United States District Judge