**IJ**

I N S T I T U T E   F O R   J U S T I C E

June 18, 2026

**<u>BY CM/ECF & EMAIL</u>**
The Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007
Email: CronanNYSDChambers@nysd.uscourts.gov

> Re:  *Small Property Owners of New York, Inc. et al. v. City of New York et al.*
> Case No. 1:25-cv-09425-JPC

Dear Judge Cronan:

Pursuant to your Honor's Individual Rules and Practices in Civil Cases Rule 6(A), please accept this pre-motion letter seeking leave to request judicial notice of the attached Order Pursuant to Owner's Request for Rent Increase Based on Alternative Hardship ("Hardship Increase Order"). To the extent the Court is willing, Plaintiffs respectfully request that the Court consider this filing as Plaintiffs' motion itself under your Honor's Individual Rule 1(A) and the Southern District of New York Local Civil Rule 7.1(e)—as Plaintiffs have little else to add beyond this letter.

Before filing this letter, Plaintiffs asked the parties whether they would consent to Plaintiffs' request that this Court take judicial notice of the Hardship Increase Order, which was issued shortly after Plaintiffs filed their MTD Response. Indeed, the State Defendants themselves had stated that the Court should take notice of the Hardship Increase Order in their MTD reply brief—but they did not attach the Order, which is not otherwise easily available. *See* ECF No. 106, at 12 & n.7. Moreover, they characterized how *they* believe it impacts this case. *Ibid*. Nevertheless, the State Defendants responded to Plaintiffs' request by offering to stipulate but only on the condition that Plaintiffs not be afforded the chance to explain *their* position on how the Order relates to this case.[1] Unfortunately, because the parties could not agree, Plaintiffs are filing this letter and the State Defendants have indicated they intend to file a response.

On May 8, 2026 (one week after Plaintiffs filed their response to the pending MTDs), the New York State Division of Housing and Community Renewal ("DHCR") issued the attached Hardship Increase Order. DHCR determined that Ilan, *i.e.* Plaintiff 135 W. 78TH LLC, should receive a building-wide increase of approximately $13,000—a total increase of $90.88 in allowable monthly rent per room, realizable via 6% annual rent increases. On June 10, 2026, Ilan submitted to DHCR a Petition for Administrative Review of that order, disputing DHCR's conclusion as to the total hardship amount he should receive. However, regardless of what happens with that appeal, the allowable rent for Ilan's vacant unit (currently capped at approximately

---

[1] The City Defendants and Intervenors have not responded to Plaintiffs' emails on the topics over the last two days.

901 N. Glebe Road, Suite 900  Arlington, VA 22203    P: (703) 682-9320    F: (703) 682-9321
general@ij.org      www.ij.org

The Honorable Judge John P. Cronan
June 18, 2026
Page 2 of 2

$1,200) will increase by no more than roughly $78 for each year until the total increase is realized. *See* Complaint, ECF No. 1 ¶¶ 219, 239–40.

The Order does not change, and in fact reinforces, that Plaintiffs plausibly allege that their vacant apartments will remain non-viable for the foreseeable future, regardless of any conceivable hardship increase. That is because under DHCR rules, Ilan can only increase the rent on his vacant apartment by six percent, which is $78. And as Plaintiffs repeatedly allege,[2] Ilan's vacant apartment is no more viable at $1,278 than it was at $1,200. The numbers are even less helpful for the other named Plaintiffs, even if—contrary to their plausible allegations—their buildings are eligible for any hardship increase at all. *See* ECF No. 88, at 27.

Both Plaintiffs and the State Defendants have now respectfully asked this Court to take judicial notice of the attached order, and this Court has the authority to do so. Plaintiffs therefore ask this Court to either consider this letter a motion to do so, or allow Plaintiffs to file that motion.

Plaintiffs note that they are not currently moving to amend their complaint, though they may do so once Ilan's administrative appeal is complete.[3]

Respectfully submitted,

/s/ Suranjan Sen
Suranjan Sen                                      Robert Johnson*
William Aronin                                    INSTITUTE FOR JUSTICE
McCarley Maddock*                                 16781 Chagrin Blvd., Suite 256
INSTITUTE FOR JUSTICE                             Shaker Heights, OH 44120
901 N. Glebe Rd., Ste. 900                        Tel: (703) 682-9320
Arlington, VA 22203                               Fax: (703) 682-9321
Tel: (703) 682-9320                               Email: rjohnson@ij.org
Fax: (703) 682-9321
Email:  ssen@ij.org
        waronin@ij.org
        mmaddock@ij.org

* Admitted *Pro Hac Vice*

*Attorneys for Plaintiffs*
*Small Property Owners of New York, Inc., RPN*
*Management Co., Inc., PKM Home LLC, and*
*135 W 78th, LLC*

cc:      All Counsel of Record

---

[2] Plaintiffs allege that the rent caps for Plaintiffs' vacant apartments are set so low, such that it is economically unjustifiable for Plaintiffs (or any owner) to pay expenses of renovating and renting them out—and it would remain so, regardless of any conceivable hardship increase. *See* ECF No. 88, at 3–6, 10–11 (Response in Opp. to Mot. to Dismiss).
[3] On May 20, 2026, Plaintiffs' counsel e-mailed counsel for all Defendants to inform them that Plaintiffs "would not oppose a request to stay the upcoming reply deadline" given the possibility that Plaintiffs will be amending their complaint in the future. Defendants and Intervenors proceeded to file their reply briefs as originally scheduled.



**New York State Division of Housing and Community Renewal**
**Office of Rent Administration**
Gertz Plaza 92-31 Union Hall St
Jamaica, NY 11433
Web Site: www.hcr.ny.gov

**Docket Number:**
NO410001-OH

## ORDER PURSUANT TO OWNER'S REQUEST FOR RENT INCREASE BASED ON ALTERNATIVE HARDSHIP

| Mailing Address of Tenant: | Mailing Address of Owner/Owner's Rep: |
|---|---|
| See list attached<br>135 WEST 78TH STREET<br>NEW YORK, NY 10024 | 135 WEST 78TH, LLC<br>c/o Ilan Rabinovitch<br>135 W 78th Street, Apt # 1A<br>New York, NY 10024 |

| Subject Building:<br>(Number and Street)<br>135 West 78Th Street | (Apt. No.)<br>3A & 3B | (Municipality)<br>New York, NY 10024 |
|---|---|---|

### APPLICABLE STATUTE OR REGULATIONS:

Section 26-511 (6-a) of the Rent Stabilization Law
Section 2522.4 (d) of the Rent Stabilization Code

### FACTS:

On March 31, 2025, the owner applied for a building-wide rent increase totaling $██████ (per owner's amended application submitted on 10/27/2025) for the calendar year of 2024 based upon the Alternative Hardship provision of Chapter 403 of the Laws of 1983.

In the application, the owner alleges that the standard guidelines rent adjustments are insufficient to enable their property to maintain a gross income level which exceeds allowable operating expenses by an amount equal to at least five percent (5%) of such income.

The parties affected were notified and afforded an opportunity to answer.

No tenant responded to the application.

### DETERMINATION:

After consideration and review of all supporting documentation submitted, and pursuant to the applicable provisions of the Regulations or Statute set forth above, the Rent Administrator determines that:

The owner is entitled to a building-wide maximum increase totaling $13,086.64 based on the Alternative Hardship Application.

Review of the evidence submitted resulted in the following findings:

(a) Gross Rental Income for the Test Year increased by $██████, from $██████ (per owner's amended application submitted on 10/27/2025) to $██████
Rent Stabilized Income:     $██████
Fair Market Income:          $██████
Imputed Rental Income:      $██████
Long Term Vacancies:        $██████
                Total =      $██████

*Imputed Rental Income was calculated using the following methodology: Taking the average of the highest Monthly Rent during the Test Year (APT #4 - $██████) and lowest Monthly Rent during the Test Year (APT #3A - $1,163.81)*
*Monthly Rent of APT #4 ($██████) + Monthly Rent of APT #3A ($1,163.81) = $██████ divided by 2= $██████ (Monthly Imputed Rent).*

Page | 1

The Monthly Imputed Rent is then multiplied by the number of months the owner lived in the building during the Test Year.
$█████ X 12 months = $█████ (Yearly Imputed Rent).

(b) Annual Operating Expenses decreased by $█████ from $█████ (per owner's amended application submitted on 10/27/2025) to $█████

RTP-45D Alternative Hardship Rent Increase Application Part III Substantiating Information: Line Item B12: Insurance increased by $█████ from $█████ to $█████

RTP-45D Alternative Hardship Rent Increase Application Part III Substantiating Information: Line Item B15: Mortgage Interest decreased by $█████ from $█████ to $█████ (Mortgage was for refinance of building)[1]

All other expenses provided by the owner were validated by the owner's Amended Application submitted on 10/27/2025.

(c) Total building-wide Monthly Alternative Hardship Rent Increase Adjustment allowable is $1,090.55 in the legal regulated rents in effect at the time of completion of the filing of the application.

The rent increase hereby granted $90.88 per room, per month affecting the Rent Stabilized units of the subject building is effective as of 09/01/2025, which is the first of the month following thirty (30) days from the date on which the tenants were notified.

## COMPUTATION OF ALTERNATIVE HARDSHIP PERMANENT RENT INCREASE:

| | |
|---|---|
| Adjusted Total Operating Expenses | $█████ |
| Divide above by (0.95) or 95% | -:- 0.95 |
| Maximum Allowable Income | $█████ |
| Less: Total Gross Income | $█████ |
| Total Alternative Hardship Rent Increase | $ 13,086.64 |
| Divide above by twelve (12) months | -:- 12 |
| Total Monthly Alternative Hardship Rent Increase | $ 1,090.55 |
| Divide above by the total number of rooms | -:- 12 |
| Monthly Alternative Hardship Rent Increase per room | $ 90.88 |

## COMPUTATION OF RETROACTIVE INCREASE (for Arrears): 9/1/2025 to 5/31/2026

Rent Increase of $90.88 (per room per month) X 9 months of arrears = $817.92 per room.

## LIMITATION:
The maximum permanent rent increase based upon Alternative Hardship to be collected in any 12-month period after the date of issuance of this Order, shall be limited to 6% of the rent in effect on September 1st, 2025. Any excess beyond six percent will be allowed in future years but shall not exceed 6% of such rent specified above in any 12-month period.

---

[1] It is noted that the owner re-financed the mortgage for $█████ and removed the excess cash.

**NOTICE TO OWNER/LANDLORD AND TENANT:**

Unless there is a provision authorizing such increases in the current lease of the tenant in occupancy, the increase provided in this Order cannot go into effect until the expiration of such lease.

As required by the Rent Stabilization Law and Code, the owner is required to maintain all required or essential services, including that of repairs and maintenance, which were furnished or required to be furnished as of the date of issuance of this Order.

Any tenant residing in the City of New York affected by this Order may cancel their lease upon sixty (60) days' written notice to the owner provided such notice is served on the owner within thirty (30) days after receipt of a copy of this Order. Such tenants may remain in occupancy at no increase in rent until they vacate the apartment.

No more than one Order adjusting any stabilized rent for any dwelling unit based on Hardship may be issued in any 36-month period.

If a Rent Reduction Order is currently in effect for any apartment(s) in the building due to the owner's failure to provide or maintain services, any rent increase herein, which is to take effect on or after the effective date of the Rent Reduction, will be non-collectible for such apartment(s) until a Rent Restoration Order has been issued, and will only be collectible from the effective date of the Rent Restoration.

Any portion of an Alternative Hardship Order which has taken effect prior to the effective date of the Rent Reduction Order is collectible by the owner.

For this Hardship to be collectible during a vacancy lease term, the vacancy lease must state that an Alternative Hardship Application is pending and list the docket number.

If the tenant of a Rent Stabilized apartment is to move from the building on or after the effective date of this Order, the owner may immediately charge that tenant the full increase for the period during which the tenant was in possession on or after such effective date.

Senior Citizens who qualify for SCRIE may not have to pay the increase. For SCRIE information call 311 if you reside in NYC. Outside of NYC, contact your local SCRIE office of the village/city where you reside.

Disabled persons who qualify for DRIE may not have to pay the increase. For DRIE information, call 311 if you reside in NYC. Outside of NYC, contact your local DRIE office of the village/city where you reside.

If you believe this Order is based on an error in law and/or fact, you may file a Petition for Administrative Review (PAR), Form RAR-2 no later than 35 days after the issuance of this Order. PARS filed after the time limit specified above will be considered late and will be dismissed. Requests for an extension of time to file a PAR cannot be considered. Call (833-499-0343) or visit your local Rent Office and request RAR-2. This form is also available on our website at www.hcr.ny.gov

**May 8, 2026**
Issue Date

Mathews C. Varghese
Rent Administrator

RO-30.5

Page | 3



| | New York State Division of Housing and Community Renewal<br>Office of Rent Administration<br>Gertz Plaza 92-31 Union Hall St.<br>Jamaica, NY 11433<br>Web Site: www.hcr.ny.gov | Docket Number:<br>NO410001-OH |
|---|---|---|

## LISTING OF TENANT(S) AFFECTED BY THIS ORDER

### Subject Building: 135 West 78th Street
### New York, NY 10024

| Apartment Number | Tenant Name | Room Count |
|---|---|---|
| 3A | Current Occupant | 2 |
| 3B | ███████████ | 2 |