

**T**HE **C**ITY OF **N**EW **Y**ORK
**L**AW **D**EPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**STEVEN BANKS**
*Corporation Counsel*

**LEAH A. REISS**
Tel: (212) 356-2116
e-mail: lreiss@law.nyc.gov

June 23, 2026

BY ECF & EMAIL
Honorable John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street, Room 1320
New York, New York 10007

  Re: Small Property Owners of New York, Inc. et al. v. City of New York et al.,
    Docket No. 25-cv-9425

Dear Judge Cronan,

    I am an attorney in the office of Steven Banks, Corporation Counsel of the City of New York, counsel for Defendants the City of New York (the "City"); the New York City Rent Guidelines Board ("RGB"); Chantella Mitchell, in her official capacity as chair and member of the RGB, Arpit Gupta, Lauren Melodia, Brandon Mancilla, Sina Sinai, Maksim Wynn, Christina Smyth, Sagar Sharma, and Adán Soltren, in their official capacities as members of the RGB (collectively, "City Defendants").[1]  I write pursuant to Rule 6(A) of the Court's Individual Rules and Practices in Civil Cases to respond to Plaintiffs' pre-motion letter, dated June 18, 2026, seeking leave to request judicial notice of a Hardship Increase Order issued by the New York State Division of Housing and Community Renewal ("DHCR") (ECF Dkt. No. 109).  City Defendants do not oppose Plaintiffs' request that the Court take judicial notice of the Hardship Increase Order. However, City Defendants respectfully request the opportunity to set forth their response to the arguments made by Plaintiffs in their pre-motion letter.

---

[1] The current members of the RBG are automatically substituted for the former RGB Chair and members named in the instant action pursuant to FRCP 25(d).

The Hardship Increase Order, dated May 8, 2026, appears to grant one of the Plaintiffs in the instant action, 135 West 78th, LLC ("135 West 78th"), "a building-wide maximum increase" to the rent at 135 W 78th Street, New York, NY 10024 (the "Building"), based on DHCR's evaluation of various financial factors at the Building.  ECF Dkt. No. 109 at 3.  The Hardship Increase Order further explains how the allowable rent increase may be applied across the apartments in the Building.  Id. at 4.  Additionally, the Hardship Increase Order provides 135 West 78th the opportunity to "file a Petition for Administrative Review [("PAR")] . . . no later than 35 days after the issuance of [the] Order."  Id. at 5.

In their pre-motion letter, Plaintiffs indicate that 135 West 78th filed a PAR with DHCR on June 10, 2026.  Id. at 1.  Plaintiffs do not assert that 135 West 78th has received any determination from DHCR on its PAR.  Accordingly, by Plaintiffs' own representations, it is clear that 135 West 78th has still not exhausted its available administrative remedies, and its challenge is not ripe for judicial review.  Plaintiffs RPN Management Co., Inc. ("RPN") and PKM Home LLC ("PKM") do not purport to have submitted any applications for hardship relief with DHCR.  Therefore RPN and PKM's challenges remain unripe for judicial review.

Additionally, while there is no dispute that the Hardship Increase Order itself has no bearing on the particular circumstances of Plaintiffs RPN and PKM, it directly undermines arguments made by Plaintiffs in the Complaint regarding the purported futility of applying to DHCR for hardship relief.  See, e.g., ECF Dkt. No. 1 ¶ 78.  Accordingly, while City Defendants do not oppose Plaintiffs' request that the Court take judicial notice of the Hardship Increase Order, City Defendants maintain that the Hardship Increase Order has no material effect on their Motion to Dismiss the Complaint.

Thank you for your consideration herein.

Respectfully submitted,

/s/ Leah A. Reiss

Leah A. Reiss
Assistant Corporation Counsel

Cc:    All counsel of record (via ECF)