Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104
212.390.9000

Selendy|Gay

Corey Stoughton
Special Counsel
212.390.9036
cstoughton@selendygay.com

June 24, 2026

Via ECF

Hon. John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    *Small Property Owners of N.Y., Inc. v. City of New York*, No. 25-cv-09425

Dear Judge Cronan,

Intervenors NY Tenants & Neighbors and Community Voices Heard respectfully submit this response pursuant to Section 6.A of Your Honor's Individual Rules of Practice to Plaintiffs' June 18, 2026, pre-motion letter (ECF No. 109) concerning Plaintiffs' anticipated motion for leave to request judicial notice of the May 8, 2026, administrative order (the "Hardship Order") of the New York State Division of Housing and Community Renewal ("DHCR") granting the March 31, 2025, application of Plaintiff 135 West 78th, LLC ("135 W. 78th") for a hardship increase in the allowable rent chargeable for the Upper West Side building's two rent-stabilized apartments.

The existence of the Hardship Order does not cure the fatal lack of finality in Plaintiffs' allegations. Plaintiff 135 W. 78th's claims remain unripe because, as Plaintiffs admit, 135 W. 78th timely disputed the amount of the Hardship Order through a petition for administrative review, which remains pending. ECF No. 109, at 1. Because "avenues still remain for the government to clarify or change its decision" through the appeal, the Hardship Order does not ripen 135 W. 78th's federal claims for all of the reasons set forth in Intervenors' pending motion to dismiss. *Bldg. & Realty Inst. of Westchester & Putnam Ctys., Inc. v. New York* ("*BRI*"), 2024 WL 1061142, at *3 (2d Cir. Mar. 12, 2024) (quoting *74 Pinehurst LLC v. New York*, 59 F.4th 557, 565 (2d Cir. 2023)); *accord Williamson Cnty. Reg'l Plan. Comm'n§ v. Hamilton Bank of Johnson City*, 473 U.S. 172, 193–94 (1985) ("The Commission's refusal to approve the preliminary plat … leaves open the possibility that [the plaintiff] may develop the subdivision according to its plat after obtaining the variances."), *reaffirmed in relevant part by Knick v. Township of Scott*, 588 U.S. 180, 187 (2019) ("[T]he developer [in *Williamson County*] still had an opportunity to seek a variance from the appeals board, so any taking was therefore not yet final.").

To the extent Plaintiffs seek to rely upon the Hardship Order for anything other than its existence—for example, to supplement their allegations about economic viability—their request for judicial notice is improper.  While a court is permitted to take

Hon. John P. Cronan
June 24, 2026

judicial notice of state administrative decisions, it may "do so only to establish the fact of the decisions and their stated reasoning—not for the truth of the matters asserted within those decisions." *Bellin v. McDonald*, 177 F.4th 167, 187 n.8 (2d Cir. 2026); *accord K.W. ex rel. K.A. v. City of New York*, 177 F.4th 127, 137 (2d Cir. 2026). Regardless, Plaintiffs' contention that 135 W. 78th's vacant apartment "will remain non-viable for the foreseeable future" "regardless of what happens with that appeal" remains too speculative to establish the required finality. ECF No. 109, at 1–2. Plaintiffs' additional speculation that "[t]he numbers are even less helpful for the other named Plaintiffs," *id.* at 2, cannot cure those Plaintiffs' failure to even *apply* for available relief from the rent limits they challenge, *see* Intervenors' Br. 9–11 (ECF No. 77); Intervenors' Reply 2–3 (ECF No. 104). As in prior cases, mere speculation cannot "circumvent the requirement that parties pursue available administrative relief." *BRI*, 2024 WL 1061142, at *4.

Thus, because the Hardship Order is not the State's final word, it cannot change the existing merits analysis supporting dismissal of the Complaint in its entirety, and Plaintiffs' claims still fail.

Respectfully,

*/s/ Corey Stoughton*

Corey Stoughton
*Counsel for Intervenors*

Cc:    All counsel of record (via ECF)

2