INSTITUTE FOR JUSTICE

August 31, 2026

**BY CM/ECF & EMAIL**
The Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007
Email: CronanNYSDChambers@nysd.uscourts.gov

Re: *Small Property Owners of New York, Inc. et al. v. City of New York et al.*
Case No. 1:25-cv-09425-JPC

Dear Judge Cronan:

Pursuant to your Honor's Individual Rules and Practices in Civil Cases Rule 6(A), please accept this pre-motion letter seeking leave to request judicial notice of the attached 2026 Apartment & Loft Order #58 ("Order #58"). To the extent the Court is willing, Plaintiffs respectfully request that the Court consider this filing as Plaintiffs' motion under your Honor's Individual Rule 1(A) and the Southern District of New York Local Civil Rule 7.1(e).

Before filing this letter, Plaintiffs asked the other parties whether they would consent to this request. The City and State Defendants and the Intervenors informed Plaintiffs that they take no position on Plaintiffs' request.

Order #58 reflects a process that occurs annually. Each year, New York City's Rent Guidelines Board issues an order setting allowable rent increases for rent-stabilized apartments. Compl. (ECF 1) ¶¶ 14, 29. Because rent stabilization applies to vacant units, the order covers the vacant rent-stabilized apartments at issue in this case. *Id.* ¶ 41. If, for example, the order authorized an annual increase of 5%, then if Plaintiffs rented a vacant apartment this year, they would be able to charge 5% more than the previous maximum price. *Id.* (explaining that the "maximum rent for [a] vacancy lease is calculated by adding [the] current year's renewal percentage to [the] previous rent"). Plaintiffs anticipate that they will inform the Court about the annual permissible increase each year that the case remains in this Court.

Order #58 is directly relevant to Plaintiffs' claims. *See Novartis Pharma AG v. Incyte Corp.*, 777 F. Supp. 3d 340, 354 (S.D.N.Y. 2025). Plaintiffs have alleged that "increases allowed by the Rent Guidelines Board for renewal leases have consistently been below natural increases in market rents" and "below increases in expenses faced by New York City building owners." Compl. ¶¶ 35-36. Order #58 goes a step further: It allows no increase whatsoever. Issued on June 25, 2026, six weeks after Plaintiffs responded to the pending MTDs, Order #58 approves 0% rent increases

for one-year and two-year leases commencing on or after October 1, 2026 and on or before September 30, 2027. In other words, it "freezes" the rent.

Order #58 reinforces Plaintiffs' plausible allegations with respect to each of their constitutional claims:

- With respect to Plaintiffs' as-applied takings claim under *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003 (1992), Order #58 further limits the rents that Plaintiffs may charge for their apartments and thus makes renovating and renting their vacant units even more economically nonviable. *See* Compl. ¶¶ 263-64. *See also* Pls.' MTD Resp. at 21-33.

- With respect to Plaintiffs' facial takings claim, Order #58 exacerbates the burden the government has placed on Plaintiffs' reversionary interest. *See* Compl. ¶¶ 265-68. *See also* Pls.' MTD Resp. at 33-40.

- With respect to Plaintiffs' takings claim under *Penn Central Transportation Co. v. New York City*, 439 U.S. 883 (1978), Order #58 heightens the economic impact of rent stabilization's application to vacant apartments. *See* Compl. ¶ 274. *See also* Pls.' MTD Resp. at 31-33.

- With respect to Plaintiffs' due-process claim, Order #58 freezes into place existing disparate rents for vacant units. *See* Compl. ¶¶ 282-87. *See also* Pls.' MTD Resp. at 43-46.

- With respect to Plaintiffs' equal-protection claim, Order #58 applies only to rent-stabilized apartments and thus heightens the law's disparate treatment of vacant units depending on their rent-stabilized status. *See* Compl. ¶¶ 290-93. *See also* Pls.' MTD Resp. at 46-49.

The Court may take judicial notice of "public documents[] promulgated by… a government agency, and not subject to reasonable dispute," like Order #58. *Richardson v. New York City Bd. of Educ.*, 711 F. App'x 11, 14 (2d Cir. 2017). Plaintiffs therefore ask this Court either to consider this letter a motion to do so or allow Plaintiffs to file that motion. To the extent that the Court concludes briefing on this motion is necessary, Plaintiffs propose a schedule under which Plaintiffs' motion would be due two weeks after the Court's order, responses would be due two weeks from the opening memorandum, and any reply would be due one week after the responses.

Respectfully submitted,

/s/ Suranjan Sen
Suranjan Sen
William Aronin
McCarley Maddock*
INSTITUTE FOR JUSTICE
901 N. Glebe Rd., Ste. 900
Arlington, VA 22203
Tel: (703) 682-9320
Fax: (703) 682-9321

Robert Johnson*
INSTITUTE FOR JUSTICE
16781 Chagrin Blvd., Suite 256
Shaker Heights, OH 44120
Tel: (703) 682-9320
Fax: (703) 682-9321
Email: rjohnson@ij.org

Email: ssen@ij.org
waronin@ij.org
mmaddock@ij.org

* Admitted *Pro Hac Vice*

*Attorneys for Plaintiffs*
*Small Property Owners of New York, Inc.,*
*RPN Management Co., Inc., PKM Home LLC,*
*and 135 W 78th, LLC*

cc: Rachel Kane Moston, *counsel for City of New York* and *The New York City Rent Guidelines Board, Doug Apple, Arpit Gupta, Alex Schwartz, Reed Jordan, Alexander Armlovich, Robert Ehrlich, Christina Smyth, Genesis Aquino, and Adán Soltren*
Michael Adam Berg, *counsel for The State of New York and RuthAnne Visnauskas*
William Evans, *counsel for Chamber of Commerce of the United States of American*
Corey Stoughton, *counsel for NY Tenants & Neighbors, and Community Voices Heard*

# NEW YORK CITY RENT GUIDELINES BOARD

## 2026 Apartment & Loft Order #58

## June 25, 2026

**Order Number 58 - Apartments and Lofts,** rent levels for leases commencing **October 1, 2026** through **September 30, 2027.**

NOTICE IS HEREBY GIVEN PURSUANT TO THE AUTHORITY VESTED IN THE NEW YORK CITY RENT GUIDELINES BOARD BY THE RENT STABILIZATION LAW OF 1969, as amended, and the Emergency Tenant Protection Act of 1974, as amended and implemented by Resolution No. 276 of 1974 of the New York City Council, and in accordance with the requirements of Section 1043 of the New York City Charter, that the Rent Guidelines Board (RGB) hereby **adopts** the following levels of fair rent increases over lawful rents charged and paid on **September 30, 2026**. These rent adjustments will apply to rent stabilized apartments with leases commencing on or after **October 1, 2026** and through **September 30, 2027.** Rent guidelines for loft units subject to Section 286 subdivision 7 of the Multiple Dwelling Law are also included in this order.

ADJUSTMENT FOR LEASES (APARTMENTS)

Together with such further adjustments as may be authorized by law, the annual adjustment for leases for apartments shall be:

> For a **one**-year lease commencing on or after **October 1, 2026** and on or before **September 30, 2027**: **0%**
>
> For a **two**-year lease commencing on or after **October 1, 2026** and on or before **September 30, 2027**: **0%**

These adjustments shall also apply to dwelling units in a structure subject to the partial tax exemption program under Section 421-a of the Real Property Tax Law, or in a structure subject to Section 423 of the Real Property Tax Law as a Redevelopment Project.

ADJUSTMENTS FOR LOFTS (UNITS IN THE CATEGORY OF BUILDINGS COVERED BY ARTICLE 7-C OF THE MULTIPLE DWELLING LAW)

The Rent Guidelines Board **adopts** the following levels of rent increase above the "base rent," as defined in Section 286, subdivision 4, of the Multiple Dwelling Law, for units to which these guidelines are applicable in accordance with Article 7-C of the Multiple Dwelling Law:

For **one**-year increase periods commencing on or after **October 1, 2026** and on or before **September 30, 2027**: **0%**

For **two**-year increase periods commencing on or after **October 1, 2026** and on or before **September 30, 2027**: **0%**

FRACTIONAL TERMS

For the purposes of these guidelines any lease or tenancy for a period up to and including one year shall be deemed a one-year lease or tenancy, and any lease or tenancy for a period of over one year and up to and including two years shall be deemed a two-year lease or tenancy.

ESCALATOR CLAUSES

Where a lease for a dwelling unit in effect on May 31,1968 or where a lease in effect on June 30, 1974 for a dwelling unit which became subject to the Rent Stabilization Law of 1969, by virtue of the Emergency Tenant Protection Act of 1974 and Resolution Number 276 of the New York City Council, contained an escalator clause for the increased costs of operation and such clause is still in effect, the lawful rent on **September 30, 2026** over which the fair rent under this Order is computed shall include the increased rental, if any, due under such clause except those charges which accrued within one year of the commencement of the renewal lease. Moreover, where a lease contained an escalator clause that the owner may validly renew under the Code, unless the owner elects or has elected in writing to delete such clause, effective no later than **October 1, 2026** from the existing lease and all subsequent leases for such dwelling unit, the increased rental, if any, due under such escalator clause shall be offset against the amount of increase authorized under this Order.

SPECIAL ADJUSTMENTS UNDER PRIOR ORDERS

All rent adjustments lawfully implemented and maintained under previous apartment orders and included in the base rent in effect on **September 30, 2026** shall continue to be included in the base rent for the purpose of computing subsequent rents adjusted pursuant to this Order.

SPECIAL GUIDELINE

Under Section 26-513(b)(1) of the New York City Administrative Code, and Section 9(e) of the Emergency Tenant Protection Act of 1974, the Rent Guidelines Board is obligated to promulgate special guidelines to aid the State Division of Housing and Community Renewal in its determination of initial legal regulated rents for housing accommodations previously subject to the City Rent and Rehabilitation Law which are the subject of a tenant application for adjustment. The Rent Guidelines Board hereby **adopts** the following Special Guidelines:

For dwelling units subject to the Rent and Rehabilitation Law on **September 30, 2026**, which become vacant after **September 30, 2026**, the special guideline shall be **49%** above the maximum base rent.

DECONTROLLED UNITS

The permissible increase for decontrolled units as referenced in Order 3a, which become decontrolled after **September 30, 2026**, shall be **49%** above the maximum base rent.

CREDITS

Rentals charged and paid in excess of the levels of rent increase established by this Order shall be fully credited against the next month's rent.

STATEMENT OF BASIS AND PURPOSE

The Rent Guidelines Board is authorized to promulgate rent guidelines governing apartment units subject to the Rent Stabilization Law of 1969, as amended, and the Emergency Tenant Protection Act of 1974, as amended. The purpose of these guidelines is to implement the public policy set forth in Findings and Declaration of Emergency of the Rent Stabilization Law of 1969 (§26-501 of the N.Y.C. Administrative Code) and in the Legislative Finding contained in the Emergency Tenant Protection Act of 1974 (L.1974 c. 576, §4 [§2]).

The Rent Guidelines Board is also authorized to promulgate rent guidelines for loft units subject to Section 286 subdivision 7 of the Multiple Dwelling Law. The purpose of the loft guidelines is to implement the public policy set forth in the Legislative Findings of Article 7-C of the Multiple Dwelling Law (Section 280).

**Dated: June 25, 2026**

________________________________
Chantella Mitchell
Chair
New York City Rent Guidelines Board