**Office of the New York State Attorney General**

**Letitia James**
**Attorney General**

September 2, 2026

**By ECF**
Hon. John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Small Property Owners of New York, Inc. v. City of N.Y.*, No. 25 Civ. 9425 (JPC)

Dear Judge Cronan:

The Office of the New York State Attorney General represents Commissioner RuthAnne Visnauskas of the Division of Housing and Community Renewal ("DHCR") and the State ("State Defendants") in this action. We write in response to Plaintiffs' letter motion, dated August 31, 2026 (ECF No. 116), asking the Court to take judicial notice of New York City Rent Guidelines Board ("RGB") Order #58 dated June 25, 2026 ("Order #58"). State Defendants do not object to the Court taking judicial notice of Order #58.

However, State Defendants dispute Plaintiffs' characterization of the meaning and impact of Order #58. The RGB's so-called "rent freeze" has no bearing on the grounds for dismissal of the action set forth in State Defendants' Memorandum of Law, dated March 18, 2026 (ECF No. 73) (the "State Memorandum"). Among other deficiencies, the Complaint is subject to dismissal because Plaintiffs' facial claims and one as-applied claim are time-barred, State Mem. 12-14; Small Property Owners of New York, Inc. lacks standing to sue, *id.* 10-11; and Plaintiffs' failure to obtain (or even to request) a final administrative determination from DHCR on any hardship application renders their claims unripe, *id.* 11-12.

The Complaint also fails to state a claim because Plaintiffs' four vacant apartments retain economic value under the Rent Stabilization Law ("RSL"), *id.* 21, and Plaintiffs concede that their buildings are profitable. *See* Plaintiffs' Opposition to Defendants' Motion to Dismiss, dated May 1, 2026 (ECF No. 88) at 50. Plaintiffs' letter assumes the RSL's economic impact must be measured by its alleged effects on each vacant apartment, but the State Memorandum established that the relevant unit of property is the building as a whole. State Mem. 15-18. As a result, a temporary rent freeze on Plaintiffs' vacant apartments is immaterial to the grounds for dismissing the action. Nor can Plaintiffs argue that Order #58 frustrates their reasonable investment-backed expectations under *Penn Central Transportation Co. v. City of New York,* 438 U.S. 104 (1978). Plaintiffs knew or should have known that over the years, the RGB has adopted rent increases of

varying magnitude, including a rent freeze as recently as 2020 for one-year leases.[1]

Accordingly, Order #58 does not alter the analysis under Fed. R. Civ. P. 12(b), and the action should be dismissed for the reasons set forth in the State Memorandum.

We appreciate the Court's continued attention to this litigation.

Respectfully submitted,

*Shi-Shi Wang*
Assistant Attorney General

cc: All Counsel of Record

1 *See* Kelly Mena, *New York City Passes Rent Freeze for Stabilized Apartments*, CNN (June 18, 2020, 1:03 PM), https://www.cnn.com/2020/06/18/politics/new-york-rent-freeze/index.html.