Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104
212.390.9000

Selendy|Gay

Corey Stoughton
Special Counsel
212.390.9036
cstoughton@selendygay.com

September 2, 2026

Via ECF

Hon. John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: *Small Property Owners of N.Y., Inc. v. City of New York*, No. 25-cv-09425**

Dear Judge Cronan,

Intervenors NY Tenants & Neighbors and Community Voices Heard respectfully submit this response to Plaintiffs' August 31, 2026 pre-motion letter (ECF No. 116), pursuant to Section 6.A of Your Honor's Individual Rules of Practice. Plaintiffs purport merely to request judicial notice of the 2026 Apartment & Loft Order ("Order #58") of the New York City Rent Guidelines Board ("RGB"). That request is a distraction because the decision is immaterial to the Court's resolution of the pending motions to dismiss. If it were otherwise, Plaintiffs' request would be an improper attempt to amend their Complaint after the completion of motion-to-dismiss briefing. The Court may exercise its discretion to take judicial notice of the existence of this decision, *see Elite Union Installations, LLC v. Nat'l Fire Ins. Co. of Hartford,* 559 F. Supp. 3d 211, 218 (S.D.N.Y. 2021), but it should not condone or encourage Plaintiffs' pattern of requesting judicial notice of immaterial factual developments as a vehicle to provide supplemental briefing. *See also* ECF No. 109.

*First*, Order #58 adds nothing to the Court's resolution of the pending motions. As Plaintiffs themselves concede, "Order #58 reflects a process that occurs annually," ECF No. 116 at 1, to set the level of fair rent increase for new or renewal leases for the calendar year starting on October 1, 2026. The existence of that process is already alleged in the Complaint. *See* Compl. ¶¶ 41, 58. The specific outcomes of that annual process have no effect on the insufficiency of Plaintiffs' pleading. As already briefed and under well-settled Second Circuit precedent, any marginal reduction in economic value is irrelevant to a takings claim under both *Penn Cent. Transp. Co. v. City of N.Y.*, 438 U.S. 104 (1978), and *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003 (1992). Order #58 does not eliminate owners' ability to continue charging rent and making a profit on their properties, and Plaintiffs cannot seriously argue that Order #58 deprives owners of *all* economically beneficial use.

*Second*, if facts regarding Order #58 were intended to have any material impact on the Court's resolution of the motions to dismiss, then Plaintiffs' letter is an improper attempt to amend their Complaint outside the process established by Fed. R. Civ. P. 15. Judicial notice is not the proper vehicle to "include[] additional facts that ordinarily would be added to an amended pleading." *Jackson v. Stewart,* 2023 WL 2919036, at *4 (S.D.N.Y. Apr. 12, 2023). In their letter, Plaintiffs elide their purpose by stating that Order #58 "reinforces Plaintiffs' plausible allegations," ECF No. 116 at 2, and summarizing allegations Plaintiffs believe are related to Order #58, *id.* To the extent Plaintiffs seek to extrapolate facts about the economic impact of Order #58 to alter their pleadings, that is improper. Judicial notice is not the appropriate mechanism when, "rather than amending his or her complaint, a plaintiff seeks to 'support' the complaint by submitting extraneous documents and seeking judicial notice of them." *Galley Schuler v. Rainforest All., Inc.*, 2016 WL 10516026, at *2 (D. Vt. Feb. 10, 2016) (citing *Pina v. Henderson*, 752 F.2d 47, 50 (2d Cir. 1985)); *Concord Assocs., L.P. v. Ent. Props. Tr.*, 817 F.3d 46, 51 n.2 (2d Cir. 2016) (affirming district court's refusal to take judicial notice of documents that plaintiffs did not rely on in drafting the complaint).

Accordingly, while Intervenors acknowledge the Court's authority to take judicial notice of Order #58, it does not and cannot alter the conclusion that Plaintiffs' Complaint must be dismissed under Rule 12(b)(6). Moreover, in light of Plaintiffs' stated intent to continue to seek judicial notice of extraneous developments, *see* ECF No. 116 at 1, Intervenors respectfully request that the Court instruct Plaintiffs that any such request should consist of a simple notice rather than providing additional argumentation on matters already briefed.

Respectfully,

*/s/ Corey Stoughton*

Corey Stoughton
*Counsel for Intervenors*

Cc: All counsel of record (via ECF)