**STEVEN BANKS**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**LEAH A. REISS**
Tel: (212) 356-2116
e-mail: lreiss@law.nyc.gov

September 2, 2026

BY ECF & EMAIL
Honorable John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street, Room 1320
New York, New York 10007

Re: Small Property Owners of New York, Inc. et al. v. City of New York et al., Docket No. 25-cv-9425

Dear Judge Cronan,

I am an attorney in the office of Steven Banks, Corporation Counsel of the City of New York, counsel for Defendants the City of New York (the "City"); the New York City Rent Guidelines Board ("RGB"); Chantella Mitchell, in her official capacity as chair and member of the RGB, Arpit Gupta, Lauren Melodia, Brandon Mancilla, Sina Sinai, Maksim Wynn, Sagar Sharma, and Adán Soltren, in their official capacities as members of the RGB (collectively, "City Defendants").[1] I write pursuant to Rule 6(A) of the Court's Individual Rules and Practices in Civil Cases to respond to Plaintiffs' Letter Motion, dated August 31, 2026, seeking leave to request judicial notice of the 2026 Apartment & Loft Order #58 adopted by the RGB on June 25, 2026 ("Order No. 58"). (ECF Dkt. No. 116). City Defendants do not oppose Plaintiffs' request that the Court take judicial notice of Order No. 58. However, City Defendants respectfully request the opportunity to set forth their response to the arguments made by Plaintiffs in their Letter Motion.

Pursuant to Section 26-150(b) of the New York City Administrative Code ("Administrative Code"), the RGB establishes annual guidelines for rent adjustments for rent

[1] The current members of the RBG are automatically substituted for the former RGB Chair and members named in the instant action pursuant to FRCP 25(d).

stabilized housing accommodations in the City. Order No. 58 sets forth a zero percent increase for one-year and two-year leases in rent stabilized apartments where the term of the lease begins during the period from October 1, 2026 through September 30, 2027. ECF Dkt. No. 116 at 4. In their Letter Motion, Plaintiffs preview several arguments as to how they allege that Order No. 58 "reinforces Plaintiffs' plausible allegations with respect to each of their constitutional claims[.]" *Id.* at 2. As set forth briefly below, Order No. 58 has no material effect on City Defendants' Motion to Dismiss the Complaint.

First and foremost, Plaintiffs have raised no allegations that change the fact that their challenges remain unripe for judicial review. In their last filing with the Court, Plaintiffs indicated that Plaintiff 135 West 78th, LLC was still in the process of pursuing administrative remedies to challenge its legal rent levels with New York State Division of Housing and Community Renewal ("DHCR"), and Plaintiffs RPN Management Co., Inc. and PKM Home LLC did not purport to have submitted any applications for hardship relief with DHCR. *See* ECF Dt. No. 109. Accordingly, all three Plaintiffs' challenges remain unripe for judicial review. Neither does Plaintiffs' Letter Motion change their lack of standing to sue City Defendants. Plaintiffs are not challenging Order No. 58, nor any City-specific conduct, in this case, and therefore it must be dismissed against City Defendants.

Finally, Order No. 58 has no bearing on City Defendants' stated grounds to dismiss Plaintiffs' takings, due process, and equal protection claims. As set forth in City Defendants' Memorandum of Law in Support of the Motion to Dismiss the Complaint (ECF Dkt. No. 75) and Memorandum of Law in Further Support of the Motion to Dismiss the Complaint (ECF Dkt. No. 105), Plaintiffs fail to state claims under any of these constitutional theories, and a zero percent increase in rents for rent stabilized leases beginning between October 1, 2026, and September 30, 2027 – adopted pursuant to statutory authority distinct from the challenged provisions of New York State's Rent Stabilization Law – does not cure any defects in the Complaint.

Accordingly, while City Defendants do not oppose Plaintiffs' request that the Court take judicial notice of Order No. 58, City Defendants maintain that Order No. 58 has no material effect on their Motion to Dismiss the Complaint.

Thank you for your consideration herein.

Respectfully submitted,

*/s/ Leah A. Reiss*

Leah A. Reiss
Assistant Corporation Counsel

Cc: All counsel of record (via ECF)